**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

A BETTER WAY FOR BPA,
*Plaintiff-Appellant*,

v.

UNITED STATES DEPARTMENT OF
ENERGY BONNEVILLE POWER
ADMINISTRATION,
*Defendant-Appellee.*

No. 16-35414

D.C. No.
3:15-cv-05896-
RBL

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted April 13, 2018
Seattle, Washington

Filed May 25, 2018

Before: Michael Daly Hawkins and M. Margaret
McKeown, Circuit Judges, and James A. Teilborg,[*]
District Judge.

Opinion by Judge McKeown

---

[*] The Honorable James A. Teilborg, United States District Judge for
the District of Arizona, sitting by designation.

**SUMMARY**[**]

**Freedom of Information Act**

The panel reversed the district court's dismissal of a suit brought under the Freedom of Information Act by an environmental nonprofit organization alleging that the Department of Energy Bonneville Power Administration failed to turn over documents requested by one of its members, on behalf of the organization.

The district court dismissed the suit for lack of standing after finding that the electronically submitted Freedom of Information Act request form failed to adequately identify the organization, A Better Way for BPA, as the requester. In reversing the district court, the panel held that common sense must prevail in determining who is a requester under the Freedom of Information Act, and that in this case the online form clearly identified the organization as the requester. The organization therefore had standing to sue. The panel determined that viewing the form as a whole, it was clear that the document request was made on behalf of the organization, that the request was not for commercial purposes, that there was an obvious public interest, and that the requester had members. The panel further held that any confusion in the electronic form was of the Department's own making and could easily be fixed. Moreover, to the extent ambiguity existed, the follow-up correspondence between the organization and the Department affirmed that the organization was the requestor.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Jacob Brooks (argued) and David A. Bricklin, Bricklin & Newman LLP, Seattle, Washington, for Plaintiff-Appellant.

Brian Kipnis (argued), Assistant United States Attorney; Annette L. Hayes, United States Attorney; United States Attorney's Office, Seattle, Washington; for Defendant-Appellee.

**OPINION**

McKEOWN, Circuit Judge:

Submitting a Freedom of Information Act ("FOIA") request electronically is easy—fill out an online form, click submit, and wait for the documents. Cheryl Brantley did precisely that on behalf of A Better Way for BPA ("A Better Way"), an environmental nonprofit group. Almost a year later, the documents had not been turned over, so A Better Way sued the Department of Energy Bonneville Power Administration ("BPA"). The government challenged the group's standing and the district court dismissed the suit, saying that the submitted form did not adequately identify the organization as the requester. We disagree. FOIA forms should not be a "gotcha" proposition requiring a lexicographer to discern who made the request. But here, the submitted form's unambiguous reference to A Better Way, confirming correspondence, and common sense make clear that A Better Way was the requester and consequently has standing to sue.

**Background**

What follows is a detailed chronology of the events related to the FOIA request.  We provide these specifics because both the submitted form and the correspondence between the requester and agency are important to our conclusion that A Better Way made the request and thus has standing to bring this suit.

Cheryl Brantley, a member of A Better Way, submitted a FOIA request on January 31, 2015.  Using the electronic form on BPA's website, Brantley provided the following information:

Saturday, January 31, 2015 @ 8:41 p.m.

## Freedom of Information Act (FOIA) Request Form

To make an Electronic FOIA (E-FOIA) request, please provide the information below. Failure to enter accurate and complete information may render your FOIA request impossible to fulfill.
**Requests submitted under the Privacy Act must be signed and, therefore, cannot be submitted on this form.**

| | | |
|---|---|---|
| Name | Cheryl Brantley | |
| Email | ckbrant@msn.com | Date Rec'd: 2/2/2015 |
| Organization | A Better Way for BPA | Due Date: 3/3/2015 |
| Mailing Address | PO Box 704 | Tracking Number: BPA-2015-00597-F |
| City | Amboy | |
| State | WA    *Zip*    98601 | |
| Phone  Ex. xxx-xxx-xxxx | 360-686-3164 | |
| FAX  Ex. xxx-xxx-xxxx | | |

Brantley listed her name under "Name" and "A Better Way for BPA" under "Organization," along with A Better Way's mailing address.

The online form contained a second section, titled "Type of Requester," so that the agency could determine whether to waive fees associated with locating and reviewing the requested documents.  *See* 5 U.S.C. § 552(a)(4)(A)(ii); 10 C.F.R. § 1004.9.  The form instructed the requester to

"[s]elect a description of yourself and the purpose of the request to help determine your category for assessing fees." The form provided four options:

- An individual seeking information for personal use and not for commercial use;

- Affiliated with an educational or noncommercial scientific institution, and this request is made for scholarly or scientific purposes and not for commercial use;

- Affiliated with a private corporation and seeking information for the use [sic] in the company's business; [or]

- A representative of the news media affiliated with _____ and the request is made as part of news gathering and not for commercial use.

Brantley selected the first option, "[a]n individual seeking information for personal use and not for commercial use."

On the next section of the form, "Fees and Fee Waivers," Brantley requested a waiver or reduction of fees. She noted that "[d]isclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the BPA and the I-5 Corridor Reinforcement Project and is not primarily in any commercial interest." In response to the inquiry whether there would be a "contribution to an understanding by the general public of the subject likely to result from disclosure, taking into account your ability and intent to disseminate the information to the public in a form that can further understanding of the subject matter," Brantley stated: "Yes, I have technical advisers to help

disseminate the information to our members." Finally, in disclosing whether the "requester has a commercial interest that would be furthered by the requested disclosure," the answer was clear—"Disclosure of this information will not be used for commercial purposes."

A BPA FOIA Public Liaison representative responded to the request by email on February 3, 2015. The email suggested that Brantley rephrase certain parts of the request and narrow others, and noted that certain requests would trigger a process resulting in a delay of "close to two years."

Brantley responded: "*Our* attorney, David Bricklin, will be following up with you on these questions next week. I give my permission for him to discuss the questions you have with the FOIA request." (Emphasis added).

After clarifying some issues with Bricklin, on February 18, 2015, the agency sent a letter addressed to "Cheryl Brantley[,] A Better Way for BPA," stating that BPA had been in touch with Bricklin, granting a fee waiver, noting the complexity of the request, and estimating completion by September 30, 2015. On September 28, 2015, BPA sent another letter, addressed the same way, advising of its need to submit certain records to third-party entities for review and thus "extending the target date for BPA's response to your request to March 31, 2016."

The agency continued to communicate with A Better Way's counsel. Significantly, on November 13, 2015, BPA sent an email to Bricklin with the subject line: "BPA-2015-00597-F-Brantley (A Better Way for BPA) - DEIS for I-5 Corridor Reinforcement Project - 5 U.S.C. § 552(b)(4) determination letters." Two days later, BPA sent another email to Bricklin with a similar subject line: "BPA-2015-00597-F-Brantley (A Better Way for BPA) - DEIS for I-5

Corridor Reinforcement Project - communication with the requester's counsel."

A Better Way filed suit on December 9, 2015, citing BPA's failure to produce the documents requested in the FOIA request. On January 8, 2016, BPA sent a final response to the request—addressed to "Cheryl Brantley[,] A Better Way"—producing certain documents and withholding others due to FOIA exemptions. Soon after, BPA filed a motion to dismiss the suit for lack of subject matter jurisdiction, asserting that A Better Way did not have standing because Brantley, not A Better Way, was the requester.

**Analysis**

The only issue before us is whether A Better Way has standing to maintain this FOIA suit. As the government acknowledged, "[u]nder FOIA, anyone whose request to an agency for records has been denied has standing to bring an action." The D.C. Circuit—home to many FOIA appeals— succinctly stated this well-accepted principle: "The requester is injured-in-fact for standing purposes because he did not get what the statute entitled him to receive." *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F. 3d 614, 617– 18 (D.C. Cir. 2006); *see* 5 U.S.C. § 552(a)(4)(B) (providing that a FOIA requester that has exhausted administrative remedies may sue for injunctive relief to obtain records "improperly withheld" by the agency). So, this case boils down to a simple question: Who was the requester—A Better Way, which filed suit, or Brantley, who did not?

We conclude that A Better Way was the requester and thus has standing to sue. The most obvious reason for our conclusion is that the request itself listed "A Better Way for BPA" on the line labeled "Organization." It is significant

that filling out the "Organization" field was optional.  By contrast, the name, address, and willingness-to-pay-fees fields were mandatory—meaning that Brantley could have submitted her online form by listing her own name and address and omitting any "Organization."  Because she did not do so, there could hardly be any doubt that Brantley was filing the request on behalf of A Better Way.[1]

BPA counters that in the following section, titled Type of Requester, Brantley checked the option "[a]n individual seeking information for personal use and not for commercial use."  In BPA's view, this meant that Brantley, not an organization, was the requester.  The problem with this argument is that the agency authored the form and provided no option for a nonprofit or nongovernmental organization, or even an "other" category.  Instead, the only options were:

- An individual seeking information for personal use and not for commercial use;

- Affiliated with an educational or noncommercial scientific institution, and this request is made for scholarly or scientific purposes and not for commercial use;

- Affiliated with a private corporation and seeking information for the use [sic] in the company's business; [or]

---

[1] It would be unfair to expect Brantley to have put "A Better Way for BPA" in the "Name" field; doing so would have rendered the "Organization" field superfluous.

- A representative of the news media affiliated with _____ and the request is made as part of news gathering and not for commercial use.

Of the available choices, the only other possible option apart from the one Brantley selected was the "private corporation" box. However, in normal parlance, the public does not think of nonprofit organizations as "private corporation[s]," a view reinforced by the form's reference to "the company's business." *See* 5 U.S.C. § 301 note (Plain Writing in Government Documents) (encouraging agencies to use "plain writing" on their websites and in issuing new documents, including electronic forms).

According to BPA's instructions on "How to Submit a FOIA Request," the agency asks for the Type of Requester in order "to help determine the appropriate assessment of fees." The instructions go on to provide examples of a requester's status description, including the following:

> I request a waiver of all fees for this request. Disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. Please include a specific explanation.

That statement is accompanied by a Note:

> An individual requester, scholar, or public interest group is more likely to qualify for a fee waiver than a commercial user.

Although these instructions reference a public interest group as a type of requester, the electronic form did not provide this option. Despite the form's limitations, here the requester made clear that the "requested information is in the public interest because it is likely to contribute significantly to public understanding of the operation or activities of the BPA and the I-5 Corridor Reinforcement Project and is not primarily in any commercial interest." The requester further stated on the form that there were "technical advisers to help disseminate the information to our members."

Viewing the form as a whole, it is clear that the request was made on behalf of A Better Way, that the request was not for commercial purposes, that there was an obvious public interest related to BPA's I-5 Corridor Reinforcement Project, and that the requester had "members," hardly a characteristic of an individual requester. Any confusion in the electronic form was of BPA's own making and could easily be fixed by including a place to check that the request is made "on behalf of" an organization or by adding "public interest organization" or "other" options under Type of Requester. Indeed, the use of FOIA requests by nonprofit public interest organizations is well known and the option for fee waivers specifically anticipates requests in the public interest. *See, e.g.*, *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003) (nonprofit group focused on "fighting corruption by government officials" seeking records regarding government contracts); *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 760 F. Supp. 2d 4, 7 (D.D.C. 2011) (privacy-minded nonprofit seeking records concerning the use of body scanner technology at airports); Jackie Northam, *Watchdogs Try To Get Mar-A-Lago Answers, Mostly Turn Up More Questions*, NPR (Sept. 15, 2017) (detailing the work of two nonprofit groups using

FOIA to obtain records concerning visitors to President Trump's Florida resort).

To the extent ambiguity exists with how Brantley filled out the form—and we do not think that any does—the follow-on correspondence between BPA and the requester affirms that A Better Way was the requester and that BPA treated A Better Way as the requester. For example, BPA addressed letters to "Cheryl Brantley[,] A Better Way for BPA," twice placed "A Better Way" in the subject line of emails concerning the request, and regularly communicated with the organization's lawyer. This treatment was unsurprising, as A Better Way and BPA were hardly strangers. During a six-month period from December 2009 to June 2010, for instance, the organization submitted ten FOIA requests to the agency. BPA cannot reverse course now and convince us that the organization with whom it was regularly corresponding and which it acknowledged as the requester should be out of court.

In the end, common sense must prevail in determining who is a requester under FOIA. This is not a situation where there was a "passing reference" to the named plaintiff on the FOIA request, *McDonell v. United States*, 4 F.3d 1227, 1238 n.6 (3d Cir. 1993), where the agency had to divine the actual requester, or where counsel dealt with the agency without any indication of who was requesting the documents. The online form clearly identified A Better Way as the requester—in the "Organization" field and in its reference to "our members"—and BPA acknowledged as much in corresponding with the group. We are left with the firm conclusion that the suit should not have been dismissed for lack of standing.

**REVERSED.**